IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal Action No. 21-36-CFC |
| v. | |
| **NYASHIA CORYABA**, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

For more than a decade Defendant, Nyashia Coryaba, failed to comply with her legal obligations not only to the United States, but to her many employees. Week after week, month after month, and year after year, she would withhold taxes from her employees' paychecks under the pretense that she was paying those taxes over to the federal and state governments, but instead put the money to her own personal use. As a result of her willful failure to pay over more than $700,000 in these taxes, Defendant now faces a sentencing guidelines range of 30-37 months imprisonment. Defendant has filed a motion for a departure, pursuant to United States Sentencing Guidelines § 5H1.6, citing extraordinary family circumstances, and has further requested a variance to a probationary sentence. After careful consideration of the particularized facts of this case, and as set forth more fully below, the government respectfully requests that the Court deny Defendant's motion for a departure. The government, however, agrees that a variance from the advisory guidelines range is appropriate in light of the Section 3553(a) factors and respectfully requests that the Court sentence Defendant to fifteen months imprisonment.

I. **Defendant's Family Circumstances Do Not Support A Guidelines Departure.**

The United States Sentencing Guidelines unequivocally state that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted," U.S.S.G. § 5H1.6 (2018 Edition). While Defendant undoubtedly has substantial family responsibilities, she has failed to demonstrate why the loss of Defendant's caretaking support, "substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant." U.S.S.G. § 5H1.6, Application Note (B)(ii). Defendant roots her request in the assistance she provides to her daughter and granddaughter as well as her legal guardianship for her two grandnieces, ages six and twelve. (D.I. 31 at 9-11.) Defendant removed her grandnieces, whose mother suffers from addiction issues, from the foster care system in South Carolina and four years ago brought them to live with her in Delaware. Defendant is a single mother to these girls, and the children appear to be doing well in her care, despite the significant challenges of their past. While the government appreciates that any term of Defendant's incarceration will impact these children, sadly, these effects do not make Defendant's circumstances different than many other defendants who appear before the Court.

Defendant sentencing submission demonstrates that while her family responsibilities are substantial, so too is her network of relatives and friends who care deeply for her. In many ways, this suggests she is better situated than many single parents who face terms of imprisonment. Defendant may need to call upon this network to stand in her place should the Court impose a sentence of incarceration. Again, this does not make Defendant's situation so unique that it should be the basis of a guidelines departure. Accordingly, the government respectfully requests that the Court deny the motion for a downward departure pursuant to U.S.S.G. § 5H1.6 based on family ties and responsibilities and instead consider these circumstances in the context of a request

for a variance.

## II. Defendant Should Be Sentenced to a Term of Imprisonment of Fifteen Months in Light of the Section 3553(a) Factors.

The government submits that a sentence of fifteen months imprisonment is sufficient, but not greater than necessary, to meet the goals of sentencing. The government begins its analysis with the nature and circumstances of the offense- here Defendant's decade-long scheme to subvert her tax obligations. While Defendant portrays her problem as more akin to being overwhelmed by running a business instead of being truly criminal in nature, this argument ignores her deliberate and decade-long pattern of utter failure to pay over taxes and her misuse of withheld funds to offset personal expenses. While the administrative responsibilities of owning and running a business may be many, those responsibilities do not excuse her actions. Defendant knew how to, and in fact did, withhold tax payments from her employees. She knew how to, and in fact did, collect the relevant money, but then failed to take the clear and logical next step to pay those collected funds over to the government. Over the course of ten years, such conduct can only be fairly seen as deliberate and calculated. Defendant benefitted from her conduct by utilizing the money withheld from her employees' paychecks to supplement her income. That Defendant stopped filing and paying her personal income taxes at the same time shows more than an oversight, but instead a flagrant disregard for our tax laws. Failing to appropriately contribute to the tax system- specifically one that funds employment, social security and Medicare payments- must be regarded as a serious offense.

While the seriousness and duration of the instant offense suggests that a guideline sentence would be appropriate here, the personal history and characteristics of Defendant militate against this. Although much of the information in the PSR remains unverified, it is clear that Defendant has not had an easy life. Despite this, Defendant grew and operates a successful home healthcare

business, employing nearly 80 people. She has formed successful relationships in her church and her community more broadly. Not only do her two adult children clearly admire and love her, she provides ongoing support for her daughter's substantial health issues. When her daughter is unwell, Defendant cares for her teenage granddaughter. As discussed *supra*, she also obtained legal guardianship of two grandnieces, removing them from the foster care system.

While these relationships will undoubtedly be disrupted by a term of incarceration, some term of imprisonment is warranted not only by the seriousness of the offense, but also to promote respect for the law, to provide just punishment, and to address both specific and general deterrence. Here, Defendant's post-indictment conduct suggests that she may not have fully grasped the import and consequences of her criminal conduct. As noted in the PSR, Defendant purchased a 3,100 square foot home in the month following her indictment for $450,000. (PSR at ¶ 76.) While she originally entered into the contract to buy the home prior to being indicted, she proceeded with the purchase thereafter and made a $90,000 down payment on the home despite being aware of her substantial financial arrearages to the IRS.

Similarly, restitution appears to be of low priority. In her sentencing memoranda, Defendant represented that she had skimped and saved to be able to contribute $2,000 towards restitution. (D.I. 31 at 12.) The government raised questions about this upon belatedly receiving Defendant's financial affidavit showing approximately $500,000 held in various business bank accounts and now understands that Defendant intends to make a substantial restitution payment against the nearly $600,000 due to the IRS and $172,000 owed to the State of Delaware. Defendant failed to proactively attempt to mitigate her liabilities at the same time she has asked this Court to sentence her to a term of probation. Some further sanction is warranted to accomplish the goals of sentencing.

Defendant's serious and enduring criminal conduct, personal history and characteristics, and her post-offense conduct collectively suggest that a sentence of 15 months imprisonment is sufficient, but not greater than necessary, to accomplish the goals of sentencing as set forth in Section 3553(a).  For the foregoing reasons, the government respectfully requests that the Court impose such a sentence.

                                       Respectfully Submitted,

                                       DAVID C. WEISS
                                       United States Attorney

                                  By:  /s/Lesley F. Wolf
                                       Lesley F. Wolf
                                       Assistant United States Attorney

DATED: November 10, 2022